

UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF GEORIGA
ATLANTA DIVISION

| | |
|---|---|
| **TRACY HARRIS**<br>    **Plaintiff,**<br><br>v.<br><br>**MIDLAND CREDIT MANAGEMENT INC.,**<br>    **Defendant,** | ) JURY TRIAL DEMANDED<br>)<br>)<br>)<br>) Case No. 1:24-CV-1073<br>)<br>)<br>)<br>)<br>) |

---

### COMPLAINT AND DEMAND FOR JURY TRIAL

---

#### I.   INTRODUCTION

1. This is an action for actual and statutory damages brought by Plaintiff Tracy Harris, an individual consumer, against Defendant, Midland Credit Management Inc., for violations of the Fair Debt Collection Practices Act, 15 U.S.C § 1692 *et seq.* (hereinafter "FDCPA"), which prohibits debt collectors from engaging in abusive, deceptive, and unfair practices.

#### II.   JURISDICTION AND VENUE

2. Jurisdiction of this court arises under 15 U.S.C § 1692k(d) 28 U.S.C 1331. The venue in this District is proper in that the Defendant Midland Credit Management Inc. transacts business in Atlanta, Georgia and the conduct complained of occurred in Atlanta, Georgia.

1

### III.  PARTIES

3. Plaintiff is a natural person residing in Atlanta, Georgia. Plaintiff is a consumer as defined by the Fair Debt Collection Practices Act, 15 U.S.C. §1692a(3).

4. Plaintiff alleged "debt" as defined by the FDCPA, 15 U.S.C 1692a(5) at issue arose from a transaction entered into primarily for personal, family or household purposes.

5. Upon information and belief, Defendant Midland Credit Management Inc. is a California corporation with its principal place of business located in San Diego, CA.

6. Defendant Midland Credit Management Inc. is engaged in the collection of debt from consumers using mail and telephone. Defendant regularly attempt to collect consumers' debts alleged to be due to another.

### IV.  FACTS OF THE COMPLAINT

7. Defendant Midland Credit Management Inc., (hereinafter referred to as "Debt Collector") is a "debt collector" as defined by the FDCPA, 15 U.S.C 1692a(6).

8. On or about January 1st, 2024, the Plaintiff started receiving emails and phone calls from the Defendant in an attempt to collect a debt allegedly owed to BESTEGG in the amount of $12,652.07.

9. On or about February 14th the Defendant sent the Plaintiff a Pre-Litigation Notice in an attempt to intimidate the Plaintiff into paying the alleged debt.

10. The Plaintiff on or about February 15th, 2024, responded to the Defendants email by stating that BESTEGG was still reporting a balance to his credit report for this debt, and that he was not going to render a payment to Midland for a debt that was still being

reporting by BESTEGG, and officially notifying Midland of his refusal to pay pursuant to section 15 U.S.C. § 1692c(c) of the FDCPA.

11. On or about March 1st, 2024, the Defendant called the Plaintiff's father in an attempt to collect the alleged debt which was in violation of 15 U.S.C. § 1692c(c).

12. On or about March 8th, 2024, the Defendant called the Plaintiff in another attempt to collect to alleged debt which was in violation of 15 U.S.C. § 1692c(c).

13. On or about March 8th, 2024, the Defendant after the phone call with Plaintiff sent a custom offer to the Plaintiff via email which was in violation of 15 U.S.C. § 1692c(c).

14. On or about March 8th, 2024, the Plaintiff sent another refusal to pay via email to Midland in response to their offer stating "I am declining your offer, and I am unwilling to pay this debt" pursuant to 15 U.S.C. § 1692c(c).

15. The Defendant despite being notified on multiple occasions of the Plaintiff's refusal to pay called the Plaintiff on March 11th, 2024, in an attempt to collect. The Defendant also sent another pre-legal notification on March 11th, 2024, in an attempt to collect. Both communications were in clear violation of 15 U.S.C. § 1692c(c).

16. Plaintiff has suffered actual damages because of the illegal debt collection communications by Defendant in the form of anger, anxiety, emotional distress, intrusion upon seclusion, wasted time, decreased ability to focus on task while at work, frustration, personal embarrassment, and other negative emotions.

## V.   FIRST CLAIM FOR RELIEF
**(Defendant Midland Credit Management Inc.,)**
**15 U.S.C. §1692c(c)**

17. All preceding paragraphs are re-alleged.

18. The Debt Collector violated the FDCPA.

19. The Debt Collector's violations include, but are not limited to, the following:

    The Debt Collector violated 15 U.S.C § 1692c(c) by failing to cease collection after receiving written notice.

20. As a result of the above violations of the FDCPA, the Defendant is liable to Plaintiff for actual damages, statutory damages, and costs.

## VI. JURY DEMAND AND PRAYER FOR RELIEF

WHEREFORE, Plaintiff Tracy Harris respectfully demands a jury trial and requests that judgment be entered in favor of Plaintiff and against the Debt Collector for:

A. Judgment for the violations occurred for violating the FDCPA;

B. Actual damages pursuant to 15 U.S.C 1692k(1)(2);

C. Statutory damages pursuant to 15 U.S.C 1692k(2);

D. Cost pursuant to 15 U.S.C 1692k(3);

E. For deletion of tradeline.

F. For such other and further relief as the Court may deem just and proper.

Respectfully submitted:

Tracy Harris
401 17th St NW, Apt 1302
Atlanta, GA 30363
htracy58@gmail.com
334-318-8807